UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARMON COPELAND, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:15-cv-1256 |
| | ) Senior Judge Nixon |
| DOUG COOK, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 25 years imprisonment imposed by the Davidson County Criminal Court on June 8, 2011, after a jury convicted him of one count of especially aggravated kidnapping (Tenn Code Ann. § 39-13-305). Presently before the Court is Respondent's motion to dismiss the petition on the grounds that it is time-barred. (ECF No. 30.) For the reasons set forth herein, the Court finds that the petition is barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). As a result, the Court will grant Respondent's motion to dismiss.

### Discussion

I. Background

In 2010, the Davidson County Grand Jury issued a three-count indictment charging Petitioner with: (1) especially aggravated kidnapping;; (2) attempt to commit first-degree murder; and (3) tampering with evidence. (ECF No. 27-1 at 3-6; *see also State v. Charmon D. Copeland*, No. M2011-01844-CCA-R3-CD, 2012 WL 6674431, at *10 (Tenn. Crim. App. Dec. 21, 2012).) The case was tried to a jury, which found Petitioner guilty on the especially aggravated kidnapping count but did not reach a verdict on the other two charges in

the indictment. (ECF No. 27-1 at 67; *see also Copeland*, No. M2011-01844-CCA-R3-CD, 2012 WL 6674431, at *10.) Petitioner was sentenced to twenty-five years in prison to be served at 100%. *Id.*

Petitioner timely appealed to the Tennessee Court of Criminal Appeals. On December 21, 2012, the court of appeals issued an opinion affirming the judgment of the trial court. (*See Copeland*, No. M2011-01844-CCA-R3-CD, 2012 WL 6674431, at *18.) Petitioner filed an application for permission to appeal to the Tennessee Supreme Court, which was denied on March 5, 2013. (ECF No. 27-12; s*ee also Copeland*, No. M2011-01844-SC-R11-CD.)

On September 15, 2014, Petitioner filed a petition for post-conviction relief in the state court, which was denied on October 1, 2015, because it was barred by the statute of limitations and Petitioner failed to establish that there was any basis on which to toll the statute of limitations period. (ECF No. 27-13 at 7.) Petitioner did not appeal the denial of his post-conviction petition. Petitioner filed his application for post-conviction relief in this Court on or about November 12, 2015.[1]

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner declares that he placed the petition in the prison mailing system on November 12, 2015. Accordingly, the petition shall be deemed filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 97, 498 n.1 (6th Cir. 2006)).

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Here, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Tennessee Court of Criminal Appeals, which issued an opinion affirming the trial court judgment on December 21, 2012. Thereafter, Petitioner applied for permission to

appeal to the Tennessee Supreme Court, which was denied on March 5, 2013. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 3, 2013.

Under § 2244(d)(1)(A), therefore, Petitioner hard one year from June 3, 2013, or June 3, 2014, in which to file his federal habeas application. Petitioner did not file his application in this Court until November 12, 2015. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitation is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Id.; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Petitioner filed his petition for state post-conviction relief on September 15, 2014, more than three months after the statute of limitation had expired. Thus, the petition for state post-conviction relief did not serve to toll the statute of limitations.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420;

*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; Hall, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner suggests that he is entitled to equitable tolling because he is uneducated in the law, has no legal experience, and was not aware until September, 2014, that his application for permission to appeal to the Tennessee Supreme Court had been denied. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; see also *Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Moreover, Petitioner has failed to demonstrate that he was diligent in pursuing his rights. At the evidentiary hearing held in connection with his state post-conviction petition, Petitioner testified that the last time he heard from his trial counsel was in 2013, when he received a letter from her advising him that because his application for permission to appeal to the Tennessee Supreme Court had been denied, she no longer represented him. (ECF No. 27-13 at 6.) The trial

court found Petitioner's testimony "credible." (*Id.*) Thus, even assuming arguendo that Petitioner did not learn that his application for permission to appeal to the Tennessee Supreme Court was denied until the end of 2013, an unlikely scenario given that the application was denied March 5, 2013, Petitioner had until June 3, 2014 to either file his state post-conviction petition and stop the statute of limitations from running or file his federal habeas petition. He did neither. Instead he waited until September, 2014 to file his state post-conviction petition. Petitioner has failed to demonstrate diligence in pursuing his rights. *See Holland*, 560 U.S. at 649; *see also See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (concluding that the Court must assess a petitioner's overall diligence in filing his habeas petition within the limitations period.)

Even if he had been diligent, Petitioner has failed to demonstrate that extraordinary circumstances prevented him from timely filing his federal habeas petition. Petitioner claims that he has mental health issues and cognitive disabilities, but he has failed to demonstrate how these disabilities prevented him from pursuing his legal rights during the statute of limitations period. *See Price v. Lewis,* 119 F. App'x 725, 726-27 (6th Cir. 2005) (citing *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996) and *Rhodes v. Senkowski,* 82 F.Supp.2d 160, 168-70 (S.D.N.Y. 2000)).

The Sixth Circuit has held that mental incompetence may be grounds for equitable tolling, though "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011); *see also McSwain v. Davis,* 287 Fed.Appx. 450, 456 (6th Cir. 2008) (explaining that "mental incompetence is not a per se reason to toll a statute of limitation"); *Price,* 119 Fed.Appx. at 726 (stating that "[i]llness-mental or

physical-tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."); *Nowak v. Yukins,* 46 Fed.Appx. 257, 259 (6th Cir. 2002) (noting that while "[t]he mental incapacity of the petitioner can warrant equitable tolling of the statute of limitations[,] [t]he petitioner must make a threshold showing of incompetence, and demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition."). To obtain equitable tolling based on mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with the statute of limitations. *Ata*, 662 F.3d at 742. In other words, the petitioner must establish "a causal link between the mental condition and untimely filing." *Id.*

The thrust of Petitioner's argument is that he suffers from a learning disability that limits his comprehension. However, the trial court conducted an evidentiary hearing in connection with the State's motion to exclude the testimony of Petitioner's mental health expert witness, at which time Petitioner's mental health expert testified that while Petitioner is impaired, he is not intellectually disabled. (*See* ECF No. 27-1 at 34.) Additionally, Petitioner testified at his trial and there is no indication that Petitioner has been unable to assist in the prosecution of his case at trial or on appeal. "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Price*, 119 F. App'x at 726 (citing *Brown v. McKee,* 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002)); *see also Gutierrez v. Elo,* No. 00-CV-74240-DT, 2000 WL 1769559, *3 (E.D. Mich. Oct. 30, 2005) (extraordinary circumstances did not exist where petitioner, a Cuban immigrant with a grade school education, limited command of the English language and lack of legal assistance, filed an

untimely petition); *Cannon v. Kuhlmann,* No. 99Civ10101(DLC), 2000 WL 1277331, *2 (S.D.N.Y. Sept. 7, 2000) (allegations of low intelligence, learning disability, memory loss, and use of psychiatric medication failed to show petitioner was unable to pursue his habeas rights during the limitations period). Petitioner has not established that extraordinary circumstances existed, which caused him to file his habeas petition more than a year after the expiration of the limitations period. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations for his alleged disabilities.

Petitioner has not demonstrated diligence in attempting to timely file his federal habeas petition, nor has he established that any extraordinary circumstance prevented him from timely filing his petition. Consequently, he is not entitled to equitable tolling.

## Conclusion

Because it plainly appears from the face of the petition and the documents in the record filed by the parties that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that Petitioner is not entitled to relief in this court, Respondent's motion to dismiss (ECF No. 30) will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in *Miller-El*, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

JOHN T. NIXON
SENIOR UNITED STATES DISTRICT JUDGE